IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

DONALD C. DRAKE, III
2702 Glynn Ct.
Detroit, Michigan 48206

    *Plaintiff*,
v.

Case No.:

THE DEPARTMENT OF THE ARMY
Serve: Christine Wormuth, Secretary
101 Army Pentagon
Washington DC 20310-0101

JURY DEMANDED

    *Defendant*.

## COMPLAINT

Comes now the Plaintiff, DONALD C. DRAKE, III (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, Charles Tucker Jr., Esq. and brings this Complaint against the above-named Defendant, THE DEPARTMENT OF THE ARMY (hereinafter referred to as "Defendant"), stating the cause as follows:

## JURISDICTION AND VENUE

1. This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this is a civil action arising under the Constitution, laws, or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

3. The Plaintiff, is an African American male over the age of eighteen (18) and a resident of the address listed in the above-caption of this instant action. At all relevant times, the Plaintiff has been a resident of the United States.

1

4.     Secretary, Christine Wormuth is being sued in her official capacity as the Secretary for THE DEPARTMENT OF THE ARMY and is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of its employment.

## FACTS UNDERLYING ALL COUNTS

5.     Plaintiff realleges and incorporates all information and allegations contained in the preceding paragraphs, as if fully set forth herein.

6.     In or around August 2017, Plaintiff was first hired as an intern to work for the Defendant.

7.     At all times relevant and during the time the actions giving rise to the events listed throughout this Complaint occurred, Plaintiff worked as a Budget Analyst (GS-0501-09) for the Defendant.

8.     Plaintiff reported to the Program Manager and the Intern Coordinator.

9.     Plaintiff was not provided with a mentor upon beginning his position, however, his Caucasian and female co-workers were all provided mentorship.

10.    Plaintiff was provided with poor unsuccessful performance reviews and later accused of not knowing how to complete tasks and relying on a co-worker to learn tasks, however, at all times Plaintiff's co-workers were afforded formal mentorship.

11.    In February 2019, Plaintiff was promoted to the GS09 Position.

12.    Plaintiff's supervisor, Deborah Barnes, isolated him and persuaded others not to include him as part of the team. His supervisor would also negatively discuss his performance with his female co-workers.

13. Plaintiff would unfairly receive very short suspense time on large projects by his Supervisor, while other Caucasian and female co-workers received more favorable assignments or longer deadlines.

14. Plaintiff's supervisor would accuse Plaintiff of having a lesser degree of knowledge then his female or Caucasian co-workers.

15. Plaintiff's supervisor would instruct others not to help Plaintiff.

16. In and around Spring of 2019, Plaintiff would occasionally use his leave time to care for his sick parent.

17. On or around May 6, 2019, Plaintiff had a meeting with his Intern Coordinator and he informed him of his sick parent. He also informed them of the work environment and unfair treatment he felt he was receiving from his supervisor.

18. During the May 6, 2019 meeting, Plaintiff requested to be moved to Foreign Military Sales ("FMS") where he had previously successful completed a two-month required intern rotation.

19. Plaintiff was denied his request to be moved to FMS and told to go back and try to talk to and work things out with his Supervisor, Deborah Barnes, and was unfairly punished with "90 days to improve."

20. His Supervisor, Deborah Barnes, refused to talk and work things out with him and instead delivered a cold and nasty attitude toward Plaintiff because of his attempt to talk with her.

21. After this meeting and at all times on a regular basis during the next 90 days, Plaintiff's superiors began obsessing over Plaintiff's leave time and questioning and harassing him each time he requested it. They did not do this to the Caucasian or female co-workers. Plaintiff was required

to provide additional information or doctor's notes, while no other employee on the team was required to do the same when requesting leave.

22.     Plaintiff request to be moved from the location due to harassment and discrimination he felt on a daily basis was denied.

23.     On June 14, 2019, the Plaintiff was reported for AWOL for 30 minutes, however, he did not leave early and had no idea why he was marked for AWOL. Instead of discussing this with the Plaintiff, the Defendants documented he was absent and continue to accuse him of "leave abuse."

24.     The Defendants paid particular attention to Plaintiff's whereabouts at all times, while not doing the same for his Caucasian or female co-workers.

25.     On June 21, 2019, Plaintiff reported to his Intern Coordinator that he was experiencing harassment and discrimination because of his race and sex, from his supervisor, Deborah Barnes.

26.     Plaintiff had also informed his Intern Coordinator that he still wanted to be moved from the area and was under tremendous stress. Plaintiff also reported that he felt like he was walking on "eggshells" on a daily basis and was seeking therapy for the stress caused by his work environment.

27.     This information was shared with others and his Supervisor and the CHIP Coordinator were made aware of this report.

28.     Three days later, on June 24, 2019, Plaintiff was wrongfully terminated.

29.     Plaintiff was first told he was terminated for "messed up purchases for the government."

30.     Upon receiving notice of her termination, Plaintiff wished to discuss and protest the termination with his supervisor, Deborah Barned, however this process was rushed and his

4

termination expedited because his supervisors had all become aware of his plans to file the EEO charges regarding the discrimination and harassment he had experienced.

31. Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Right to Sue Notice and this suit is timely filed within 90 days of receipt thereof.

## CAUSES OF ACTION

### COUNT I
### Race Discrimination
### Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2)

32. Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs as set out herein.

8. At all times material hereto, Plaintiff was an employee of Defendant and Defendant an Employer as defined by 42 U.S.C. § 2000e-(b)(f).

9. As an African American, Plaintiff is a member of a protected class.

10. Defendant knew that Plaintiff is African American prior to subjecting Plaintiff to the aforementioned material adverse employment actions and was aware of the discrimination Plaintiff was subjected because of his race (African American).

11. Because of Plaintiff's race, Defendant engaged in intentional racial discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, all of the examples listed above in the Statement of Facts, as well as specifically, the following:

    A. By treating Plaintiff differently because of his race;

    B. By offering favoritism to Caucasian employees;

    C. By micromanaging Plaintiff's work and overseeing his tasks while not doing the same

5

      to the Caucasian employees;

D. By accusing Plaintiff of abusing leave time while not accusing the Caucasian employees of abusing leave time when they would similarly request time off.

E. By disciplining Plaintiff for attendance but not disciplining the Caucasian employees who left early or arrived late from work.

F. By requiring Plaintiff to provide additional medical records upon requesting to use leave time, but not require his Caucasian co-workers to provide the same each time.

G. By subjecting Plaintiff to letters of reprimand, additional tasks, lowered performance reviews, and wrongfully terminating Plaintiff from his employment because of his race, while not subjecting the Caucasian employees to the same level of discipline or termination.

12. Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his race.

13. Defendant failed to take any appropriate action to redress the discriminatory and hostile work environment conditions imposed on him.

14. Plaintiff's co-workers who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

15. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages - including but not limited to past and future loss of income and wages, benefits, promotion and promotional

opportunities, career opportunities, medical expenses and costs, all to his detriment, in an amount to be shown according to proof- and is entitled to all available legal and equitable remedies.

16. As a further proximate result of Defendant's unlawful conduct alleged throughout this Complaint, Plaintiff has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, emotional and mental anguish and other general damages, all to his detriment, in an amount to be shown according to proof.

17. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

18. Plaintiff demands judgment against Defendant, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

## COUNT II
### Sex Discrimination
### Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2)

19. Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs as set out herein.

20. At all times material hereto, Plaintiff was an employee of Defendant and Defendant an Employer as defined by 42 U.S.C. § 2000e-(b)(f).

21. During Plaintiff's employment with Defendant, Defendant, through the conduct of its agents, servants and/or employees, harassed Plaintiff and subjected Plaintiff to adverse employment actions because he is a man.

22. Submission to the conduct alleged herein below in Paragraphs was made an implicit part of Plaintiff's employment with Defendant. Defendant's sex discrimination and harassment

including, but not limited to, all of the examples listed above in the Statement of Facts, as well as the following:

A. By treating Plaintiff differently because he is an African American male;

B. By offering favoritism to female employees;

C. By isolating Plaintiff and not letting him feel as though he is part of the team because he is a male.

D. By holding Plaintiff to higher standards of responsibility and giving him shorter deadlines to complete projects because he is an African American male and then punishing him for not meeting the unfair higher standards and shorter deadlines placed on him.

E. By failing to provide Plaintiff with a mentor within a reasonable timeframe while providing mentorship for the female employees.

F. By subjecting Plaintiff to letters of reprimand, additional tasks, lowered performance reviews, and wrongfully terminating Plaintiff from his employment because of his race, while not subjecting the Caucasian employees to the same level of discipline or termination.

G. Regularly treating Plaintiff differently and less favorably than his female co-workers.

23. Defendant failed to take any appropriate action to redress the discriminatory and hostile work environment conditions imposed on him.

24. As a proximate result of Defendant's unlawful discrimination, as set forth above, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay, front pay and other employment benefits, all to his detriment, in an amount to be shown according to proof.

25. As a further proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, mental anguish and other general damages, all to his detriment, in an amount to be shown according to proof.

26. The aforementioned acts of Defendants were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff and have deprived Plaintiffthe enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

27. Plaintiff demands judgment against Defendant, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

## COUNT III
### Unlawful Retaliation
### Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-3(a))

28. Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs as set out herein.

29. At all times material hereto, Plaintiff was an employee of Defendant and Defendant an Employer as defined by 42 U.S.C. § 2000e-(b)(f).

30. As a result of Plaintiff's complaints as described in paragraphs above and throughout this Complaint, Defendant, through its agents, servants and/or employees retaliated against Plaintiff by participating in actions protected under the Civil Rights Act, such as opposing discriminatory and unlawful activities he witnessed in the workplace and filing complaints.

31. By retaliating against Plaintiff for complaining about and opposing unlawful harassment and discrimination, Defendant violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e2).

32. The retaliatory conduct taken against Plaintiff by Defendant, included, but was not limited to, all of the examples listed in the Statement of Facts, and specifically, as well as the following:

    A. After and because Plaintiff communicated with his supervisor about employment discrimination and harassment he was subjected to disparate treatment.

    B. Specifically because Plaintiff reported the harassment and discrimination, he then experienced disparate treatment from his supervisors, which included, but is not limited to: made to have his work more difficult than others, unfairly receive very short suspense time on large projects, was accused of abusing leave time, required to provide documents for leave that others were not regularly required to do, he was isolated from the team, others were instructed not to work with him, he unfairly received poor unsuccessful performance evaluations, and he was subjected to overly harsh punishment and scrutiny for engaging with the same work habits as his co-workers.

    C. Ultimately, only a few days after and because he had report it, again, and was reporting how bad the harassment and discrimination had become, Plaintiff was then immediately wrongfully terminated.

33. At all times, Plaintiff was open about his reports and concerns for harassment and discrimination and at all times relevant, Defendants were aware of Plaintiff's protected activities.

34. As a proximate result of Defendant's unlawful retaliatory conduct, as set forth above, Plaintiff has suffered and continues to suffer substantial losses incurred in earnings, deferred compensation, earning capacity, back pay, front pay, and other employment benefits, all to his detriment, in an amount to be shown according to proof.

35. As a further proximate result of Defendant's unlawful retaliatory conduct, Plaintiff has suffered and continues to suffer physical personal injuries, embarrassment, humiliation, mental anguish and other general damages, all to his detriment, in an amount to be shown according to proof.

36. Plaintiff demands judgment against Defendant, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

## PRAYER FOR RELIEF

37. Plaintiff incorporates by reference to, all facts, law, and/or allegations contained in the preceding paragraphs, as if fully set forth herein.

38. As a consequence of the forgoing misconduct of Defendant, Plaintiff sustained economic damages, pain and suffering, great mental stress, depression, shock, and humiliation.

39. As a consequence of the forgoing conduct of Defendant, Plaintiff has damages in an amount over $1,000,000.00 and exceeding the jurisdictional requirements of the Court.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant in an amount exceeding the jurisdictional requirements of this Court, all together with Court costs, including attorney's fees and costs, plus pre and post judgment interest, and for any other relief which has been requested herein and any relief this Court deems just and proper. Plaintiff also respectfully prays that this Honorable Court:

A. Award all available damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct;

B. Award Plaintiff compensatory and punitive damages for all the mentioned causes of action in an amount to be determined by a jury of his peers;

C. Award Plaintiff attorney's fees, cost and expenses of litigation; and

D. Award such other relief to which Plaintiff may be entitled to under law.

**I DO HEREBY DECLARE AND AFFIRM UNDER THE PENATLIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEGDE, INFORMATION, AND BELIEF.**

_____
DONALD C. DRAKE, III

DATE: March 13, 2024			Submitted on behalf of the Plaintiff by:

*/s/Charles Tucker, Jr., Esq.*
Charles Tucker, Jr., Esq. (Bar # 993515)
TUCKER MCCANN GROUP
8181 Professional Pl. Ste207
Hyattsville, MD 20785
E-mail: charles@tuckerlawgroupllp.com
Tel.: (301) 577-1175
*Counsel for the Plaintiff*